

**SIGNED this 12 day of April, 2006.**

_____
                     **R. Thomas Stinnett**
        **UNITED STATES BANKRUPTCY JUDGE**

_____

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF TENNESSEE
SOUTHERN DIVISION

| | |
|---|---|
| In re: | No. 05-13502 |
| | Chapter 7 |
| Brandon Keith Manis & | |
| Jody Justin Manis | |
| Debtors. | |
| D. June Snyder | |
| Plaintiff, | |
| v. | Adv. Pro. 05-1173 |
| Brandon Keith Manis & | |
| Jody Justin Manis | |
| Defendants | |

**MEMORANDUM**

Appearances:    D. June Snyder, Cleveland, Tennessee, *Pro Se*
                Eron H. Epstein, Chattanooga, Tennessee, Attorney for Defendant

R. Thomas Stinnett, United States Bankruptcy Judge

    The debtors filed their voluntary chapter 7 case on June 5, 2005. The plaintiff, who appears *pro se,* timely filed a complaint in which she asks the court to deny the debtors a discharge of all their debts.

1

11 U.S.C. § 727; Fed. R. Bankr. P. 4004 & 7001. The debtors, Mr. and Mrs. Manis, have filed a motion to dismiss the complaint. The debtors contend the complaint should be dismissed because it fails to state a claim upon which relief can be granted. Fed. R. Bankr. P. 7012; Fed. R. Civ. P. 12(b)(6). This type of motion does not ask the court to decide whether the plaintiff can prove one of the statutory grounds for denying a discharge. The motion tests the allegations of the complaint. Does the complaint sufficiently allege the facts required to prove one of the grounds for denying a discharge? For the purpose of deciding the motion, the court assumes that the facts alleged in the complaint are true. The court also assumes the truth of facts that can reasonably be inferred from the facts alleged in the complaint. *Mixon v. Ohio*, 193 F.3d 389 (6th Cir. 1999); *United Food and Commercial Workers International Union Local 199 v. United Food and Commercial Workers International Union*, 301 F.3d 468 (6th Cir. 2002)

The plaintiff has filed a response to the debtors' motion to dismiss. The response includes an accurate summary of the grounds asserted in the complaint for denying the debtors' discharge:

> (1) the bankruptcy schedules do not list all of Mrs. Manis's assets and income;
>
> (2) Mrs. Manis was not honest with the plaintiff in promising to pay the rent and promising not to include it in the bankruptcy case.
>
> (3) the debtors did not schedule the correct amount of the debt;

For convenience, the court will refer to these claims as counts 1, 2, and 3 of the complaint.

The complaint also alleges a fourth claim against Mrs. Manis for damage to a camera that the plaintiff lent her. The same claim is raised again in the plaintiff's response to the debtors' motion to dismiss.

In the course of this memorandum, the court will take judicial notice of various facts that are indisputably revealed by the court's records. Fed. R. Bankr. P. 9017; Fed. R. Evid. 201; *see, e.g.*, *Rickel & Assoc., Inc. v. Smith (In re Rickel & Assoc., Inc.)*, 272 B.R. 74 (Bankr. S. D. N. Y. 2002); *Northwestern Institute of Psychiatry, Inc. v. Travelers Indemn. Co. (In re Northwestern Institute of Psychiatry, Inc.)*, 268 B.R. 79 (Bankr. E. D. Pa. 2001); *In re Blum*, 255 B.R. 9 (Bankr. S. D. Ohio 2000); *Smith v. Weissfisch (In re Muzquiz)*, 122 B.R. 56 (Bankr. S. D. Tex. 1990).

II

The debtors' motion to dismiss deals with count 3 – the alleged failure of the debtors to schedule the full amount of the debt owed to the plaintiff. The complaint does not mention any particular ground for denying a discharge, but the "false oath" objection stands out as the one that may apply. It provides that "the court shall grant the debtor a discharge, unless the debtor knowingly and fraudulently, in or in connection with a case made a false oath or account." 11 U.S.C. § 727(a)(4).

This bankruptcy case began when the debtors filed a bankruptcy petition on June 5, 2005 (the petition date). They filed their schedules of debts and assets at the same time. The schedules listed a debt to the plaintiff in the amount of $2,449. On August 1, 2005, the debtors filed an amendment that listed the debt to the plaintiff as $3,200 and gave a different mailing address for the plaintiff.

September 15, 2005, was the last day to file a complaint to deny the debtors' discharge or to except a particular debt from discharge. Fed. R. Bankr. P. 4004 & 4007. The plaintiff filed her complaint before the deadline. The allegations of count 3 of the complaint can be summarized as follows:

> (1) the rent was $600 per month;
>
> (2) debtors owe a pre-petition debt for the rent they owed on the petition date (June 5, 2005);
>
> (3) the debtors owe post-petition rent for the time Mrs. Manis continued to occupy the property after the petition date;
>
> (4) the rent totaled $4,440 as of September 15, 2005;
>
> (5) the debtors scheduled the debt to the plaintiff as only $2,449;
>
> (6) the court should deny the debtors a discharge of their debts because they failed to schedule the correct amount of their debt to the plaintiff.

The plaintiff's response to the debtors' motion to dismiss alleges that the debtors did not vacate the property until the latter half of September 2005, and as a result, they owe an additional $300 rent, which would make the total debt about $4,740.

To state a claim under the false oath provision, the complaint should allege the facts required to prove the objection:

> (1) the debtor made a statement under oath;

3

>    (2) the statement was false;
>
>    (3) the debtor knew the statement was false;
>
>    (4) the debtor made the statement with fraudulent intent; and
>
>    (5) the statement related materially to the bankruptcy case.

*Keeney v. Smith (In re Keeney)*, 227 F.3d 679, 685 (6th Cir. 2000).

The complaint alleges the debtors made a statement under oath when they scheduled a debt to the plaintiff in the amount of $2,449. *Keeney v. Smith (In re Keeney)*, 227 F.3d 679, 685-86 (6th Cir. 2000); Fed. R. Bankr. P. 1008.

The complaint does not expressly allege that the scheduled amount was false, but the gist of count 3 is that the debtors understated the amount of the debt by not including post-petition rent. The filing of the bankruptcy petition divided the debtors' debts into pre-petition debts and post-petition debts. The debtor must schedule pre-petition debts, and pre-petition debts are subject to being discharged. A bankruptcy case generally does not affect post-petition debts. 11 U.S.C. §§ 101(10), 341, 342, 501, 506, 524(a) & 727(b). Distinguishing post-petition debts from pre-petition debts is not always easy. *See, e.g., Keaton v. Boatmen's Bank (In re Keaton)*, 212 B.R. 587 (E. D. Tenn. 1997), *vacated as moot* 145 F.3d 1331 (6th Cir. 1998).

A decision by the court of appeals suggests that the debtors' post-petition use of the plaintiff's property may not have created a post-petition debt for rent. Bankruptcy law may treat the debtors' liability for post-petition use of the plaintiffs' property as part of the debtors' pre-petition debt to the plaintiff for damages caused by the bankruptcy trustee's rejection (breach) of the rental agreement. *In re Miller*, 247 B.R. 224 (Bankr. E. D. Mich. 2000), *affirmed sub nom.*, *Chateau Communities, Inc. v. Miller*, 252 B.R. 121 (E. D. Mich. 2000), *affirmed sub nom.*, *Miller v. Chateau Communities, Inc. (In re Miller)*, 282 F.3d 874 (6th Cir. 2002); 11 U.S.C. §365(d)(1), (g)(1). The lower courts adopted this view, but the court of appeals' decision is not as clear. For the purpose of argument, however, the court assumes the debtors owe a pre-petition debt for their post-petition use of the plaintiff's property. The court also assumes that when the debtors scheduled the pre-petition debt, they should have included some amount for their expected post-petition use of the property.

The debtors could have estimated an amount of post-petition rent and included it in the scheduled debt, but that may not have been the correct amount to include. The court of appeals' decision also suggests the debtors' debt is not for post-petition rent but for damages caused by the trustee's rejection of the rental agreement. A correct estimate of the damages may have required more than simply calculating the expected post-petition rent. In summary, the debtors were faced with two questions – whether the scheduled debt should include any amount for post-petition use of the property and how to calculate the amount to be included. These problems for the debtors raise the question of whether the court should reject the complaint's assumption that the scheduled amount was false simply because it did not include the total post-petition rent.

The court need not reach a decision on this question, however, because the court can not infer from the facts that the debtors intentionally scheduled the wrong amount and their intent was fraudulent. The schedules in a consumer bankruptcy case will often give the wrong amount of a particular debt because consumer debtors often do not know the correct amounts of their debts. Besides this common problem in consumer cases, these particular debtors were faced with a legal question as to how the debt should be calculated. Furthermore, a debtor generally can not gain anything by understating the amount of a debt in the schedules. When the schedules omit or undervalue assets, the natural inference is that the debtor was fraudulently attempting to hide assets or protect them from the bankruptcy trustee and creditors. On the other hand, the debtor generally has more to lose than to gain by omitting a creditor from the schedules. The court will find it difficult to infer fraudulent intent from the debtor's failure to schedule a debt. *State Federal Credit Union v. Martin (In re Martin)*, 5 B.R. 188 (Bankr. D. D. C. 1980); *In re Crenshaw*, 95 F. 632 (S. D. Ala. 1899). The court will find it even more difficult to infer fraudulent intent when debtor scheduled the debt and the alleged falsehood was understating the amount. *In re Burroughs*, 18 F.Supp. 921 (S. D. N. Y. 1937). This is a no-asset liquidation case under chapter 7 of the bankruptcy code. Unsecured creditors, such as the plaintiff, were not required to file claims and probably will not receive any payment on their claims. If later events make it likely the trustee will receive assets to liquidate, creditors will be given notice to file claims, but the amount of a creditor's claim will be determined first from the creditor's filed proof of claim – not from the schedules filed by the debtor. Fed. R. Bankr. P. 2002(e) & 3001(f). If a dispute arises later as to the amount of the debt

5

to the plaintiff, the scheduled amount will not be binding on the plaintiff. (The court is assuming there might be a dispute that would not be enjoined by bankruptcy law. 11 U.S.C. § 362(a) & 524(a).) In summary, the facts do not imply that the debtors knew the scheduled amount was incorrect, and the facts are even less convincing as the basis for implying the debtors scheduled the wrong amount of the debt to the plaintiff with the intent to defraud the plaintiff.

Likewise, the facts do not imply the debtors intended to defraud the bankruptcy estate or other creditors by scheduling less than the full amount of the debt to the plaintiff. The following discussion of materiality supports this conclusion.

The correct listing of debts is always material to a bankruptcy case in a general sense. *Morris Plan Industrial Bank v. Finn*, 149 F.2d 591 (2d Cir. 1945); *Fogal Legware of Switzerland, Inc. v.Wills (In re Wills)*, 243 B.R 58 (9th Cir. B.A.P. 1999). The plaintiff's complaint, however, alleges that the debtors understated the amount of one debt among many, and the understated debt is not especially large compared to the other debts. In this situation, the complaint should allege facts to show or imply that understating the amount of the debt could have adversely affected the plaintiff, other parties to the bankruptcy case, or the administration of the bankruptcy case. *Cf. Calisoff v. Calisoff (In re Calisoff)*, 92 B.R. 346 (Bankr. N. D. Ill. 1988). The complaint fails to do this. For these reasons, the court will not infer that the exact amount of the debt to the plaintiff and the amount of the understatement were material to the bankruptcy case. The court also will not infer that the debtors understated the amount of the debt with the fraudulent intent to mislead the bankruptcy trustee or creditors in general.

Of course, a debtor's ignorance of the law may lead the debtor to commit fraud for no sensible reason. For example, a debtor might intentionally schedule a debt at less than the true amount for the purpose of obtaining a result that *the debtor thinks* is contrary to the law even though the law actually allows the debtor to obtain the same or practically the same result honestly and legally. Likewise, a debtor might schedule the wrong amount of a debt for the purpose of obtaining a result that is or appears to be contrary to the law even though the intended result can not be obtained by scheduling the wrong amount. In either situation, the debtor's intent is fraudulent. The allegations of the plaintiff's complaint do not imply, however, that the debtors understated the amount of the debt with this kind of misguided fraudulent intent.

The court will allow the plaintiff an opportunity to amend the complaint to overcome these problems and avoid dismissal of count 3. This does not mean the plaintiff is required to amend if she decides that she can not allege the required facts truthfully and consistently with the law.

III

The debtors' motion to dismiss states that the complaint does not allege any other factual ground for denying the debtors' discharge. The complaint, however, clearly alleges that the debtors or Mrs. Manis failed to schedule assets and income. Such allegations are typical of complaints under § 727(a)(4). *See also* 11 U.S.C. § 727(a)(2), (5). The court need not consider whether this count of the complaint (count 1) should be dismissed under Rule 12(b)(6) because the debtors' motion does not raise the question, and this count is not based on the same facts as count 3. *Webster Industries, Inc. v. Northwood Doors, Inc.*, 234 F.Supp.2d 981 (N. D. Iowa 2002); *Greene v. Union Mutual Life Ins. Co.*, 764 F.2d 19 (1st Cir. 1985); *Dine v. Edwards*, 158 F.2d 17 (7th Cir. 1946).

IV

The complaint also alleges that Mrs. Manis was not truthful in representing to the plaintiff that she would pay the rent and would not include it in any future bankruptcy case. Since the debtors' motion does not raise the question, the court need not consider whether this count (count 2) should be dismissed under Rule 12(b)(6). The court notes that the alleged facts do not fit easily within any of the statutory grounds for denying a discharge. 11 U.S.C. § 727(a).

V

The allegations as to the camera suggest the damage may have been done post-petition, but the court need not decide that question now, since the debtors' motion also does not address this part of the complaint.

VI

The debtors' motion to dismiss asks the court to award attorney's fees and costs to the debtors, but it does not state any particular ground for doing so. The court can not hold the complaint is frivolous – that it totally fails to allege any facts to support the plaintiff's request to deny the debtors' discharge. *Mazzocco v. Smith (In re Smith)*, 82 B.R. 113 (Bankr. D. Ariz. 1988); *First Federal Savings and*

7

*Loan Assoc. v. Froid (In re Froid)*, 101 B.R. 314 (Bankr. M. D. Fla. 1989), *on rehearing*, 106 B.R. 293 (Bankr. M. D. Fla. 1989).

The debtors' motion to dismiss also asserts, in effect, that the complaint was filed for an improper purpose – to continue the plaintiff's harassment of the debtors since they filed this bankruptcy case. The court can not infer an improper purpose on the ground that the complaint is obviously frivolous because it is not. *Cf. Townsend v. Holman Consulting Corp.*, 929 F.2d 1358 (9th Cir. 1990). The allegations of the complaint do not suggest an improper purpose. As to other alleged post-petition actions by the plaintiff, the court has already pointed out the legal question of whether rent for the debtors' post-petition use of the property can be collected as a post-petition debt. Furthermore, the court has not heard any evidence as to the alleged harassment. In summary, the facts now before the court do not support a finding that the plaintiff filed the complaint for an improper purpose.

VII

The court will enter an order granting the debtors' motion to dismiss count 3 of the complaint, but allowing the plaintiff an opportunity to amend. The order will also deny the debtors' request for costs and attorney's fees.