

**SIGNED this 27 day of April, 2007.**

```
                            _____
                                    R. Thomas Stinnett
                            UNITED STATES BANKRUPTCY JUDGE
```
_____

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF TENNESSEE
SOUTHERN DIVISION

In re:

| | |
|---|---|
| BRANDON KEITH MANIS<br>JODY JUSTIN MANIS, | No. 05-13502<br>Chapter 7 |
|        Debtors; | |
| D. JUNE SNYDER, | |
|        Plaintiff, | |
| v. | Adversary Proceeding<br>No. 05-1173 |
| BRANDON MANIS<br>JODY MANIS, | |
|        Defendants. | |

Appearances:    D. June Snyder, Pro Se, Chattanooga, Tennessee, for the Plaintiff

                     Eron H. Epstein, Chattanooga, Tennessee, for the Defendants

The Honorable R. Thomas Stinnett, United States Bankruptcy Judge

**MEMORANDUM**

This memorandum opinion deals with the plaintiff's amended motion for summary judgment. The plaintiff's complaint asserts that the defendants should not be granted a discharge of their debts. When the court refers to the complaint, it means the amended complaint. The complaint relies on § 727(a)(2) and (a)(4) of the bankruptcy code. Section 727(a)(2) provides for denial of a bankrupt debtor's discharge if the debtor concealed assets with the actual intent to hinder, delay, or defraud creditors or the bankruptcy trustee. 11 U.S.C. § 727(a)(2). Section 727(a)(4) provides for denial of a debtor's discharge if the debtor made a false oath or account in the bankruptcy case. The allegation of a "false oath or account" usually refers to the property and debt schedules and the statement of financial affairs filed in the bankruptcy case. The debtor is required to certify under penalty of perjury that the information is correct. Fed. R. Bankr. P. 1008; 28 U.S.C. § 1746. Giving false or misleading information may lead to denial of a debtor's discharge under § 727(a)(4). 11 U.S.C. § 727(a)(4). The plaintiff's complaint relies on facts that may prove an objection to discharge under either provision or both. For purposes of this opinion, the relevant allegations of the complaint are: (1) the defendants did not schedule several items of personal property that the plaintiff observed about the time of the defendants' bankruptcy at the residence the defendants rented from the plaintiff; (2) the defendants did not reveal Mrs. Manis's income from work at a local school.

The defendants filed a response to the motion for summary judgment but withdrew it. The withdrawal may have been accidental, but the record does not necessarily lead to that conclusion. In any event, the court cannot grant summary judgment to the plaintiff simply because the defendants have not filed a response. The court can grant summary judgment only if there is no genuine issue of material fact, and based on the undisputed facts, the law entitles the plaintiff to judgment in her favor. Fed. R. Bankr. P. 7056; Fed. R. Civ. P. 56(c); *Hunter v. Sowers (In re Sowers)*, 229 B.R. 151 (Bankr. N. D. Ohio 1998); *Poss v. Morris (In re Morris)*, 260 F.3d 654 (6th Cir. 2001) (effect of failure to respond to summary judgment motion).

The plaintiff also contends she is entitled to summary judgment because the defendants defaulted by failing to respond to one of her pleadings. Before the defendants filed an answer, they filed

a motion to dismiss. The plaintiff responded with an objection to the motion to dismiss and subsequently filed an amended objection to the motion to dismiss. The defendants have not responded to the amended objection. The plaintiff asserts that the failure to respond is a default that entitles her to summary judgment.

The rules required the plaintiff to file a response to the defendants' motion to dismiss. The plaintiff's objection and amended objection were responses to the defendants' motion to dismiss. The rules did not require the defendants to file a response to the plaintiff's responses, the objection and amended objection. E. D. Tenn LBR 7007-1. As a result, the defendants did not default by failing to file a response to the plaintiff's objection or amended objection.

Of course, the plaintiff may have intended the objection and amended objection to be more than responses; she may have intended them to be requests for a judgment in her favor on some or all of the basic issues. The court did not, however, treat the objection and amended objection as motions for summary judgment or motions for judgment on the pleadings. If the court had chosen that course of action, it would have notified the defendants and allowed them time to respond. *Cf. Styler v. Conoco, Inc. (In re Peterson Distr., Inc.)*, 176 B.R. 584 (Bankr. D. Utah 1995); *Chemical Bank v. Marcou (In re Marcou)*, 209 B.R. 287 (Bankr. E. D. N. Y. 1997). Instead, the court treated the objection and amended objection simply as responses to the defendants' motion to dismiss. Thus, the defendants were not required to file a response to the objection or amended objection on the theory that they amounted to motions instead of just responses to the defendants' motion.

Furthermore, when the plaintiff filed the amended motion for summary judgment, the court had already ruled on the defendants' motion to dismiss. In ruling on the motion to dismiss, the court had treated the plaintiff's objection and amended objection as nothing more than responses to the motion. As a result, the court's decision on the motion to dismiss was also a decision on the objection and amended objection. They were no longer pending when the plaintiff filed the amended motion for summary judgment. They no longer raised any dispute for the court to decide, and the defendants' failure to respond was meaningless.

The plaintiff's other arguments for summary judgment concern: (1) the defendants' alleged failure to schedule Ms. Manis's income from working in a school cafeteria; (2) the defendant's alleged failure to schedule several items of personal property that the plaintiff saw at the defendants' residence around the time they filed this bankruptcy case.

After the plaintiff filed the motion for summary judgment, but before she filed the amended motion for summary judgment, the defendants filed an answer that deals with these allegations. The answer states:

> Come the defendants . . . and deny the allegation that they were not honest with the Bankruptcy Court. Defendants assert that through clerical error their personal property was inadvertently incorrectly scheduled and that by amendment they are correcting this mistake. (See attached Amended Schedules)
>
> Defendants would show to the Court that they have committed no act with actual intent to hinder, delay or defraud any creditor or any officer of this bankruptcy estate. They further allege that this inadvertent omission was not in regard to a matter that is material to these proceedings and could in no way have had any real effect on creditors or the bankruptcy estate.
>
> As to the allegations regarding certain assets such as a big screen television, defendants allege that at the time the petition was filed they were renting this unit and at that time had no ownership interest in said television. As to the gas grill defendants would show that this would belong to Mr. Manis' brother, and as to the go cart, the defendants would show that this is in fact a toy pedal car and not a motorized vehicle as implied from the allegation in the Complaint. Defendants allege that the swimming pool mentioned in the complaint was actually a gift from the plaintiff, June Snyder, for the use and benefit of Mr. and Mrs. Manis' children. The Plymouth minivan alleged to belong to the defendants was in fact property of a friend and defendants have never had any ownership interest in said vehicle.

The answer goes on to deny any other allegations not specifically admitted in the answer.

The court can deny the defendants' discharge under § 727(a)(2) or (a)(4) only if the plaintiff proves the defendants' wrongful intent. To prevail under § 727(a)(2), the plaintiff must prove that the defendants concealed property, *and* their motive was to hinder, delay or defraud creditors or the bankruptcy trustee. To prevail under § 727(a)(4), the plaintiff must prove that the defendants knowingly and fraudulently made a false oath or account. This requires proof that the defendants intended to make

the bankruptcy schedules or statement of financial affairs misleading to creditors or the bankruptcy trustee, or proof that the defendants recklessly disregarded their duty to provide accurate information. *Keeney v. Smith (In re Keeney)*, 227 F.3d 679 (6th Cir. 2000).

In their answer to the complaint, the defendants assert two honest reasons for the omissions from the schedules and the statement of financial affairs: (1) the omissions were the result of mistake, inadvertence, or misunderstanding the law; (2) the personal property that the plaintiff saw at the defendants' residence did not belong to them. In summary, the answer asserts that the defendants lacked the kind of wrongful intent required to prove the objections to discharge.

A decision on the debtor's intent usually requires a trial because the defendant's intent cannot be determined without hearing the debtor's testimony. In some cases, however, the basic undisputed facts allow the court to infer wrongful intent and grant summary judgment against the debtor. The bankruptcy case of *In re Wessels* provides an example. *Packard Elevator Co. v. Wessels (In re Wessels)*, 79 B.R. 826 (N. D. Iowa 1987). Four days before filing bankruptcy, Mr. Wessels sold a large amount of grain from his farm. He made the sale in his brother's name, and his brother received the payment but immediately passed it on to Mr. Wessels. Mr. Wessels did not reveal the sale in the bankruptcy schedules or the statement of financial affairs, and he denied it in a later deposition. These facts allowed the court to infer fraudulent intent; that was the only reasonable and logical explanation of Mr. Wessels' actions. The court granted summary judgment to the plaintiff denying Mr. Wessel's discharge. There are numerous similar cases. *Marrama v. Citizens Bank (In re Marrama)*, 445 F.3d 518 (1st Cir. 2006); *Towle v. Hendrix (In re Hendrix)*, 352 B.R. 200 (Bankr. W. D. Mo. 2006); *Hunter v. Sowers (In re Sowers)*, 229 B.R. 151 (Bankr. N. D. Ohio 1998).

The defendants' answer includes explanations for the omissions from the schedules and statement of financial affairs. Furthermore, the explanations are not completely unreasonable or unbelievable. In summary, the facts alleged in the complaint imply wrongful intent, but the defendants' answer contradicts the implication. Based on the complaint and answer, the court cannot conclude that

the defendants had the wrongful intent required by § 727(a)(2) or (4). The complaint and answer leave a genuine issue of material fact as to the defendants' intent.

The plaintiff filed the amended motion for summary judgment after the defendants filed their answer. A motion for summary judgment may be supported by evidence such as affidavits, exhibits, or admissions. Fed. R. Bankr. P. 7056; Fed. R. Civ. P. 56(c). The evidence is intended to prove facts alleged in the complaint, to refute the defendant's answer, or to do both. If the evidence accomplishes it purpose, the defendant generally can avoid summary judgment only by filing a response supported by evidence that contradicts or undercuts the evidence submitted with the plaintiff's motion. Fed. R. Bankr. P. 7056; Fed. R. Civ. P. 56(e). Conflicting evidence will leave the court with a genuine issue of material fact to be decided at trial. With these principles in mind, the court must determine whether the plaintiff's amended motion for summary judgment removes any doubt as to the defendants' intent.

The plaintiff filed a memo in support of the amended motion for summary judgment. The memo, however, is not in the form of an affidavit. Fed. R. Bankr. P. 7056; Fed. R. Civ. P. 56(e). Furthermore, the memo essentially repeats the allegations of the complaint. The complaint follows the usual pattern of alleging circumstantial evidence of wrongful intent – facts that imply wrongful intent – since the defendants have not admitted and will not admit wrongful intent. Thus, the motion for summary judgment relies on the complaint's allegations that only imply wrongful intent, and the defendants' answer contradicts the implication of wrongful intent. The motion for summary judgment does nothing more than the complaint to establish the defendant's wrongful intent. The court has the allegations of the complaint and the contradictions in the answer, and taken together, they do not allow the court to conclude that the defendants had the wrongful intent required by § 727(a)(2) or (a)(4). The motion for summary judgment does not resolve the genuine issue of material fact with regard to the defendants' intent.

The result would probably be the same even if the defendants admitted or did not dispute the alleged omissions from the schedules and the statement of financial affairs. The court would be faced with the question of whether the omissions required the court to infer wrongful intent. The court

thinks not. Inaccurate schedules and statements do not necessarily require the court to infer wrongful intent. In some cases, the kind of inaccuracies and the surrounding facts may require the court to infer wrongful intent. That was true in the *Wessels* case discussed earlier and the similar cases cited in the same discussion. In this proceeding, however, the alleged omissions would not require the court to infer wrongful intent. *See Murphey v. Crater (In re Crater)*, 286 B.R. 756 (Bankr. D. Ariz. 2002); *Barr v. Overmeyer (In re Overmeyer)*, 121 B.R. 272 (Bankr. S. D. N. Y. 1990); *AT & T Universal Credit Card Services Corp. v. Burns (In re Burns)*, 196 B.R. 11 (Bankr. W. D. N. Y. 1996); *but see MacLeod v. Arcuri (In re Arcuri)*, 116 B.R. 873 (Bankr. S. D. N. Y. 1990).

The defendants may have intended to mislead creditors or the bankruptcy trustee, or they may have disdained their duty to provide full and accurate information. On the other hand, the defendants may have made honest or excusable mistakes even though they were trying to give complete and accurate information. In this situation, the court cannot grant summary judgment because there is a genuine issue of material fact as to the defendants' intent. Fed. R. Bankr. P. 7056; Fed. R. Civ. P. 56(c). The question of intent requires a trial. In this regard, the court notes that the discharge exceptions apply to each defendant separately so that the intent of each defendant is in question. The court will enter an order denying the plaintiff's amended motion for summary judgment.

# # #